T.C. Summary Opinion 2002-117


UNITED STATES TAX COURT



NEVIA CAMPBELL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7122-01S.            Filed September 6, 2002.


Nevia Campbell, pro se.

<u>Angelique M. Neal</u>, for respondent.



PAJAK, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  Unless otherwise indicated, section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

Respondent determined a deficiency in petitioner's 1998 Federal income tax in the amount of $3,334. After concessions by respondent and petitioner, the sole issue this Court must decide is whether petitioner is entitled to deduct the cost of removing and replacing the roof-covering material on her residential rental house.

Some of the facts in this case have been stipulated and are so found. Petitioner resided in Compton, California, at the time she filed her petition.

During 1998, petitioner, an employee of the United States Postal Service, owned a residential rental house in Long Beach, California (rental house). The rental house was a one-story building with 2 bedrooms and a den.

The house had been rented to the then tenant for about 4 years when the roof began leaking and moisture began seeping through the walls into the main bedroom of the house. The tenant complained to petitioner and, as petitioner put it in lay person's terms: "So we had to get it repaired." She could not have continued to rent the house if the roof had continued to leak.

Petitioner contacted TEAM DK Contractors (the contractors), who gave petitioner an estimate. She "went with them" and paid the contractors with funds she had to borrow. One of the partners of the contractors testified at trial that "we did

repairs on the roof." The work done on the rental house by the contractors also included interior repairs and drywall installation, the cost of which respondent has conceded.

The contractors removed the existing top layers of the roof and recovered it with fiberglass sheets and hot asphalt. They made no structural changes to the roof. The $8,000 cost of removing and replacing the roof-covering material on the roof of the rental house is the amount in issue. Petitioner claims it is a deductible expense; respondent argues it is a capital expense.

Section 162 provides for the deduction of all ordinary and necessary expenses paid or incurred during the taxable year in carrying on a trade or business. See sec. 62(a)(4). The costs of incidental repairs to property are deductible if those repairs neither materially add to the value of the property nor appreciably prolong the life of the property. Sec. 1.162-4, Income Tax Regs. Repairs in the nature of replacements, to the extent that they arrest deterioration and appreciably prolong the life of the property, must generally be capitalized and depreciated in accordance with section 167. Id. Further, section 263(a) provides that no deduction shall be allowed for permanent improvements or betterments made to increase the value of any property.

The issue in this case has been considered previously by this Court in Oberman Manufacturing Co. v. Commissioner, 47 T.C.

471 (1967). In that case, the Court held that the cost of removing and replacing roof-covering material (as well as the cost of inserting an expansion joint in the roof) was a deductible expense. The Court observed that "it is necessary to take into consideration the purpose for which an expenditure is made in order to determine whether such expenditure is capital in nature or constitutes a current expense." Oberman Manufacturing Co. v. Commissioner, supra at 482. The Court in Oberman Manufacturing Co. observed that the taxpayer's only purpose was to prevent leakage and keep the leased property in an operating condition over its probable useful life and not to prolong the life of the property, increase its value, or make it adaptable to another use. There was no replacement or substitution of the roof. Petitioner's only purpose in having the work done to the roof was to prevent the leakage and keep her rental house in operating condition and not to prolong the life of the property, increase its value, or make it adaptable to another use. As in Oberman Manufacturing Co., there was no replacement or substitution of the roof. Petitioner's expenditure merely restored her rental house to one with a roof free of leaks. On

this record, we hold that petitioner is entitled to deduct the expenditure in issue.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>under Rule 155</u>.